UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA M. CONTRERAS, | No. 2:14-CV-01282 KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| MARK T. ESPER, SECRETARY OF THE UNITED STATES ARMY, et al., | |
| Defendants. | |

Plaintiff, while proceeding *pro se*, has filed a voluminous first amended complaint alleging employment discrimination. Two groups of defendants, the federal defendants and California defendants, as well as Governor Brown as an individual defendant, filed motions to dismiss plaintiff's complaint. Plaintiff is now represented by counsel. As explained below, the court GRANTS defendants' motions but also GRANTS plaintiff leave to amend.[1]

I.  BACKGROUND

Plaintiff Graciela Contreras' ("Contreras" or "plaintiff") filed the operative 197-page first amended *pro se* complaint naming 30 defendants and including 554 paragraphs of

---

[1] In an effort to streamline resolution of motions to dismiss in cases where the parties have counsel, when the court is granting leave to amend it is adopting a shortened form of order consistent with the order issued here.

1

allegations. *See* First Am. Compl. ("FAC"), ECF No. 9. She later obtained counsel. *See* ECF Nos. 66-67. In her oppositions to defendants' motions to dismiss, Contreras "adopts with few exceptions" defendants' framing of her allegations, as culled from her first amended complaint. *See* ECF No. 83 at 5; *see also* ECF No. 84 at 4. The court has reviewed Contreras' first amended complaint in its entirety. For the sake of judicial economy, the court declines to summarize the complaint's extensive factual allegations here, as doing so is unnecessary to the court's ruling.

Contreras makes thirteen claims: (1) discrimination based on race, color, national origin, religion, sex and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the California Fair Employment and Housing Act ("FEHA"); (2) discrimination based on disability under §§ 501 and 505 of the Rehabilitation Act of 1973 and FEHA; (3) discrimination based on age and retaliation under the Age Discrimination in Employment Act ("ADEA") and FEHA; (4) retaliation under the Whistleblower Protection Act ("WPA"), Whistleblower Protection Enhancement Act ("WPEA")[2] and FEHA; (5) harassment, styled "Hostile Work Environment," under Title VII, the Rehabilitation Act, ADEA, WPA, WPEA and FEHA; (6) wrongful termination in violation of public policy; (7) assault; (8) civil conspiracy; (9) defamation; (10) intentional infliction of emotional distress; (11) negligent infliction of emotional distress; (12) First Amendment violation; and (13) Fifth Amendment equal protection and due process violations. *See generally* FAC.

On January 26, 2017, the Magistrate Judge originally assigned to the case determined he would defer screening of the complaint, filed on August 17, 2015, and ordered plaintiff to file service of summons on each defendant. ECF No. 12. Defendants California Military Department ("CMD"), Kevin Ellsworth, David Kauffman and Anni Loeb (collectively, "individual California defendants") moved to dismiss. Cal. Mot., ECF No. 48. California Governor Edmund G. Brown also moved to dismiss. Brown Mot., ECF No. 51. Finally,

---

[2] Although Contreras treats the WPA and WPEA as distinct causes of action, the WPEA amended the WPA. *See Daniels v. Merit Sys. Prot. Bd.*, 832 F.3d 1049, 1051-52 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 1242 (2017) (discussing certain WPEA amendments to the WPA).

defendants David Baldwin,[3] Carlton Hadden, Deborah Lee James, John M. McHugh and Marianna Warmee (collectively, "federal defendants") moved to dismiss. Fed. Mot., ECF No. 54; *see* Req. for Judicial Notice ("RJN"), ECF No. 55.

After all motions were filed, because Contreras had obtained counsel, the Magistrate Judge currently assigned to the case[4] referred the matter back to this court, as provided by the Local Rules. ECF No. 67. Plaintiff's counsel then filed oppositions to the pending motions, ECF Nos. 83, 84, and defendants filed replies, ECF Nos. 85, 87, 88. The court submitted the motions on January 22, 2018, ECF No. 92, and resolves the motions here.

II.  LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "detailed factual allegations" are not required at the pleading stage, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the complaint must contain more than conclusory or formulaic recitations of elements, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The complaint must contain "sufficient factual matter" to make the alleged claim at least plausible. *Iqbal*, 556 U.S. at 678; *see also Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (explaining plausibility requires that the complaint depict a cognizable legal theory and sufficient factual allegations to support that theory) (citation omitted). Aside from external facts properly subject to judicial notice, the court restricts its analysis to the face of the complaint, construing the complaint in plaintiff's favor and accepting well-pled factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

---

[3] Baldwin was included as an individual California defendant in that group's motion to dismiss. *See* ECF No. 48. After determining defendant Baldwin "was acting within the course and scope of his federal agency . . . during the relevant times alleged in the First Amended Complaint[,]" the United States Attorney filed a substitution of counsel to represent Baldwin. *See* ECF Nos. 76-77 (Proposed substitution dated Nov. 16, 2017). Accordingly, the court treats Baldwin as a federal, not a California, defendant.

[4] Judge Newman became the assigned magistrate judge after other cases to which he was assigned were related to this one.

3

Under Rule 15 "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and internal quotation marks omitted). Before granting leave to amend, a court considers any undue delay, bad faith, dilatory motive, futility or undue prejudice posed by allowing the amendment. *Id.* at 1051-52 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Potential undue prejudice to the opposing party "carries the greatest weight," *id.* at 1052, and "[t]he party opposing amendment bears the burden of showing prejudice," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, there is a strong presumption in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

III. DISCUSSION

    A. Claims Against Federal Defendants

Although the federal defendants move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6), *see generally* Fed. Mot., both arguments are resolved by Contreras' concessions, *see* Pl.'s Fed. Opp'n, ECF No. 84. Specifically, Contreras concedes defendant Mark T. Esper, Secretary of the United States Army, is the only proper federal defendant in this action. Pl.'s Fed. Opp'n at 10. She further concedes that her only viable claims are "based on EEO Complaint No. 2012-026 for Title VII discrimination and retaliation (first cause of action), Rehabilitation Act Discrimination and Retaliation (second cause of action), hostile work environment under Title VII and the Rehabilitation Act (fifth cause of action) when Plaintiff's request for accommodation to work from home was denied on June 25, 2012 . . . ." *Id.* at 11; *see* Fed. Reply, ECF No. 88, at 2 (agreeing with Contreras' representations that only these claims are potentially viable).

Accordingly, the federal defendants' motion to dismiss is GRANTED without leave to amend as to all defendants other than Esper and all claims other than those identified above.

/////

/////

4

B. Claims Against Governor Brown

Governor Brown moves to dismiss all claims against him. Brown Mot. Contreras did not file an opposition or statement of non-opposition to Brown's motion. The court therefore considers Contreras' claims against Brown abandoned. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) ("A plaintiff who makes a claim . . . in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss . . . has effectively abandoned his claim . . . .") (quoting *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)); *see also Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014) (collecting cases and holding failure to oppose a claim attacked in a motion to dismiss "constitutes abandonment of the claim" that warrants dismissal without leave to amend or with prejudice). Governor Brown's motion to dismiss is GRANTED without leave to amend.

C. Claims Against the California Military Department, Kevin Ellsworth, David Kauffman and Anni Loeb

CMD and the individual California defendants move to dismiss each of Contreras' claims against them. Cal. Mot. CMD contends Contreras was a federal, not state, employee and therefore cannot assert employment claims against CMD, a state agency. *Id.* at 11-15. CMD further argues Contreras' claims are not viable because she has not exhausted her administrative remedies; her FEHA, ADEA and common law tort claims are barred by sovereign immunity; and she has not alleged sufficient facts to state First Amendment, equal protection and due process claims against CMD. *Id.* at 16-18. The individual California defendants argue they are immune from liability under California Military and Veterans Code § 392; there is no personal liability for employees under Title VII, the ADEA, the WPA and the FEHA; the individual defendants are not covered entities under the Rehabilitation Act; Contreras has not exhausted her administrative remedies; and Contreras has not alleged sufficient facts to state claims against each defendant. *Id.* at 19-23.

Although Contreras opposes the motion, she does not concretely address the California defendants' arguments. *See* Pl.'s Cal. Opp'n, ECF No. 83. Instead, Contreras appears to argue only that: (1) at least some of her claims are viable under 42 U.S.C. § 1983, *id.* at 11-13;

(2) she is not required to exhaust state administrative remedies because exhaustion "is not a prerequisite to bringing an action under § 1983," *id.* at 13 (citations omitted); and (3) her complaint "provides enough details" to satisfy the Federal Rules of Civil Procedure "due the [*sic*] number of facts alleged," *id.* at 14.

Because Contreras did not substantively address the California defendants' arguments for dismissal, the court considers Contreras' claims against the California defendants in her first amended complaint abandoned and GRANTS the California defendants' motion to dismiss without leave to amend. *See Carvalho*, 629 F.3d at 888; *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014).

The California defendants raise several arguments against granting Contreras leave to assert any claims against the individual California defendants under 42 U.S.C. § 1983. Cal. Reply at 4-8 (arguing Contreras' first amended complaint naming the individual California defendants for the first time does not relate back to her original complaint and any § 1983 claim is therefore time-barred; arguing violations of the ADA, Title VII and the WPA cannot be asserted under § 1983). In light of Rule 15(a)'s liberal policy governing amendments, and because Contreras has not yet asserted claims under § 1983, the court declines to prematurely determine the merits of any such claims. The California defendants may renew their arguments in a motion to dismiss Contreras' second amended complaint, if any.

D. Pleading Sufficiency

To the extent Contreras' claims in her first amended complaint survive this order, those claims are insufficiently pled, despite Contreras' arguments to the contrary. *See* Pl.'s Fed. Opp'n at 11 (arguing the complaint is sufficiently pled "due the [*sic*] number of facts alleged" therein); *see also* Pl.'s Cal. Opp'n at 14 (same). As currently pled, it is difficult if not impossible for the court and defendants to concretely identify Contreras' pertinent claims and allegations. *See J.M. v. Pleasant Ridge Union Sch. Dist.*, No. CV21600897 WBS CKD, 2017 WL 117965, at *2 (E.D. Cal. Jan. 10, 2017) ("A defendant is entitled to know what actions a plaintiff alleges it engaged in that supports the plaintiff's claims."). Accordingly, Contreras' remaining claims are dismissed as insufficiently pled, but Contreras is GRANTED leave to file a second amended

6

complaint within 30 days, consistent with the above and Federal Rules of Civil Procedure 8 and 11.

This resolves ECF Nos. 47-48, 50-51, 54.

IT IS SO ORDERED.

DATED: March 27, 2018.

_____
UNITED STATES DISTRICT JUDGE