UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA M. CONTRERAS,<br><br>Plaintiff,<br><br>v.<br><br>MARK T. ESPER, SECRETARY OF THE UNITED STATES ARMY,<br><br>Defendant. | No. 2:14-CV-01282 KJM-KJN<br><br><br><br>ORDER |

Plaintiff Graciela C. Contreras, a former federal civilian employee, sues Secretary of the Army, Mark Esper, for disability discrimination. Defendant moves to dismiss. Plaintiff opposes. For the following reasons the motion is GRANTED in part.[1]

I. <u>Family and Medical Leave Act & Americans with Disabilities Act Claims</u>

Defendant argues the court's prior order precludes Contreras from bringing a claim under the Family and Medical Leave Act (FMLA), and that in any event, the court lacks jurisdiction to hear such a claim. Mot., ECF No. 96 at 9-11. Defendant also contends the court lacks jurisdiction to hear Contreras's Americans with Disabilities Act (ADA) claim. *Id.* at 11. As she conceded in her opposition and confirmed at hearing, Contreras agrees that the court lacks

---

[1] To streamline resolution of certain motions in cases where the parties have counsel, the court has adopted a shortened form of order.

1

jurisdiction to hear these claims and abandons them. *See* Opp'n, ECF No. 97 at 2. The FMLA and ADA claims are therefore DISMISSED without leave to amend.

II. Rehabilitation Act Claim

Disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791, et seq., can take the form of disparate treatment, alleged denial of equal jobs or benefits because of the employee's disability, or failure to reasonably accommodate a disability. *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (noting Rehabilitation Act incorporates ADA standards of substantive liability); *Whelan v. Potter*, No. CIV S-09-3606 KJM, 2012 WL 3535869, at *11 (E.D. Cal. Aug. 15, 2012).

Contreras's operative complaint alleges she suffers from a mental impairment. *See* Second Am. Compl. (SAC), ECF No. 94 ¶¶ 14, 17, 36, 41, 44 (alleging "mental disabilities" causing loss of enjoyment of life, anxiety, insomnia and difficulty breathing and moving); *id.* Ex. 3, ECF No. 94-4 at 2 (physician's letter identifying Contreras as suffering from recurrent major depression and bipolar disorder); SAC Ex. 4, ECF No. 94-5 at 2 (physician's letter referring to Contreras's major depression); SAC Ex. 6, ECF No. 94-7 at 2 (letter from defendant's employee referring to Contreras's requested accommodation for post-traumatic stress disorder). Although her earlier complaints also alleged discrimination based on a hearing impairment, Contreras conceded at hearing that her operative complaint does not allege a hearing impairment at all, let alone discrimination based on a hearing impairment. She further confirmed she does not seek leave to amend her complaint to add such a claim. Accordingly, Contreras's Rehabilitation Act claim, insofar as that claim is based on a hearing impairment, is DISMISSED without leave to amend.

Defendant also argues Contreras's operative complaint has not sufficiently alleged disability discrimination by way of a disparate treatment claim and notes it is unclear whether Contreras intends to bring such a claim. Mot. at 14. "'Liability in a disparate treatment case depends on whether the protected trait motivated the employer' to treat disabled employees less favorably than non-disabled employees." *Whelan*, 2012 WL 3535869, at *11 (quoting *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003)). Contreras has not alleged she was treated

unfavorably because of her disability.  *See* SAC ¶ 58 (alleging only "other qualified individuals with disabilities receive benefits that [Contreras] requested" but omitting allegations that she was denied such requests based on her disability).  At hearing, Contreras suggested she is not pursuing a disparate treatment claim, noting that the heart of her suit is her reasonable accommodation claim.  The court gathers Contreras does not seek leave to amend her complaint to allege disparate treatment.

Finally, defendant initially moved to dismiss Contreras's failure to accommodate claim, Mot. at 11-13, but has withdrawn his motion in favor of bringing "an early motion for summary judgment," Reply at 3-4.  At hearing, defendant's counsel confirmed this position and noted defendant also withdraws his argument that Contreras has not sufficiently alleged a qualifying mental impairment.  Accordingly, the court need not reach either argument here.

III.  CONCLUSION

As explained above, Contreras's FMLA and ADA claims are DISMISSED without leave to amend, as is her Rehabilitation Act claim, insofar as it arises from any alleged hearing impairment and insofar as it includes a disparate treatment claim.  Defendant shall file an answer within 21 days.

IT IS SO ORDERED.

DATED: September 24, 2018.

_____
UNITED STATES DISTRICT JUDGE

3